```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:                               │
│ DATE FILED:    10/23/2015            │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                             :
UNITED STATES OF AMERICA,                    :
                                             :
                 -v-                         :
                                             :          08-CR-823 (VSB)
SONNY PEQUERO,                               :
                                             :             ORDER
                        Defendant.           :
                                             :
-------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

On October 8, 2009, pro se Defendant Sonny Pequero was sentenced principally to a term

of imprisonment for 144 months following his conviction after entering a plea of guilty for

violations of 21 U.S.C. § 846 ("Count One") and 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A)

("Count Two").  Defendant's base offense level was 38, due to the fact that Defendant

distributed, and conspired to distribute, 30 kilograms and more of heroin.  A three-level

reduction in the base level was applied as a result of Defendant's timely guilty plea.  As a result,

Pequero's sentencing guidelines range was 188 to 235 months' imprisonment, based on an

adjusted offense level of 35 and a criminal history category of II.

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing

Commission") amended the United States Sentencing Commission Guidelines Manual

("Sentencing Guidelines") to lower the guideline sentencing range for certain categories of drug

offenses.  The Sentencing Commission also adopted an amendment to § 1B1.10 of the

Sentencing Guidelines authorizing, effective November 1, 2014, retroactive application of the

amendment to the drug guidelines.  This amendment also specifies that no defendant can be

released prior to November 1, 2015.

1

On December 1, 2014, the Court received a motion from Defendant seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  The case was then reassigned to me for potential re-sentencing under the amended Sentencing Guidelines on June 10, 2015.  On June 23, 2015, I issued an order indicating that the Probation Department issued a Supplemental Presentence Report ("PSR") for Defendant, and directed the parties to inform the Court and the Probation Department of any objections to the PSR by July 24, 2015.  (Doc. 152.) The Government provided its submission regarding Defendant's potential re-sentencing on July 24, 2015.  (Doc. 158.)

On August 11, 2015, Defendant indicated that he did not receive the PSR and requested a copy for his review.  (Doc. 163.)  On August 19, 2015, Defendant provided his objection to the Government's July 24th submission but, having not received the PSR, provided no objections to the PSR. (Doc. 166.) I issued a decision denying Defendant's motion to reduce his sentence without the benefit of Defendant's objections on August 25, 2015. On September 1, 2015, my chambers mailed a copy of the PSR to Defendant. That same day, I issued an order withdrawing my August 25, 2015 decision and granting the Defendant leave to file his objections to the PSR, if any, on or before September 22, 2015. (Doc. 167.)

The Defendant filed an additional motion on October 6, 2015. (Doc. 172.) Rather than containing any objections to the PSR, however, Mr. Pequero's latest motion merely reiterates the argument he made in his first motion for reduction of sentence: namely, that his sentence should be reduced pursuant to 18 U.S.C. 3582(c)(2).

Mr. Pequero's argument remains unavailing. "Courts generally may not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" produced by the amendment. *Dillon* v. *United States*, 560 U.S. 817, 827 (2010)

(internal quotation marks omitted).  Since November 2011, a defendant who originally received a below-Guidelines sentence may not have his sentence reduced to one that is below the new, amended range; the sole exception being a defendant who previously received a departure based on substantial assistance.  *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B) [relating to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]"); *United States v. Erskine*, 717 F.3d 131, 137-41 (2d Cir. 2013) (recognizing that Section 1B1.10 prohibits reductions below the bottom of the amended range, even where a departure or variance was granted at the original sentencing).

Therefore, the Government's response to Defendant's initial motion to reduce his sentence correctly contends that Defendant is not entitled to a reduction in his sentence because: (1) the application of the amended Sentencing Guidelines to calculate his sentence results in a sentencing guidelines range of 151 to 188 months; (2) the Court imposed a sentence of 144 months' imprisonment, 40 months below the then-applicable Guidelines range, and below the amended Sentencing Guidelines; and (3) Defendant was not sentenced pursuant to a government motion based on his provision of substantial assistance and is therefore ineligible for any further reduction under 18 U.S.C. § 3582(c).  (Doc. 158.)

In his most recent motion, Defendant again bases his request for a reduction on the sentence he actually received rather than based upon the Sentencing Guideline range he faced at the time of his sentencing, and applies the amendments to the sentence he actually received.  In essence, Defendant is once more requesting the reduction of a sentence that was the product of the Court granting him a variance.  However, the plain language of the Guidelines forecloses Defendant's approach.  "[I]n the absence of a sentencing departure based on substantial

assistance, the Court is not permitted to 'reimpos[e] departures or variances imposed at the defendant's original sentencing hearing.'" *United States v. Salinas–Doria*, ⸻ F. Supp. 3d ⸻, No. 01-CR-021, 2015 WL 4389536, at \*2 (S.D.N.Y. July 8, 2015) (quoting *U.S. v. Erskine*, 717 F.3d at 137).  Since I have determined that Defendant's amended Sentencing Guidelines range is above the sentence Defendant actually received, I am not authorized to make any further reduction to Defendant's sentence under the amended Sentencing Guidelines.  Accordingly, Defendant's second motion for reduction of sentence is hereby DENIED.  The Clerk of Court is respectfully directed to terminate the pending motions (Docs. 172 and 173).

SO ORDERED.

Dated:  October 23, 2015
   New York, New York

Vernon S. Broderick
United States District Judge