```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :
                                                             :
                                                             :
                - against -                                  :        08-CR-823 (VSB)
                                                             :
                                                             :        OPINION & ORDER
                                                             :
SONNY PEQUERO,                                               :
                                                             :
                                         Defendant.          :
                                                             :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/2021

VERNON S. BRODERICK, United States District Judge:

      Defendant Sonny Pequero ("Pequero") moves this court to terminate his five-year term of supervised release pursuant to 18 U.S.C. § 3583(e) and Federal Rule of Criminal Procedure 32.1(c).  Because of (1) Pequero's exemplary adjustment to returning to society, (2) Pequero's adherence to the terms of his supervised release, and (3) considering the § 3553(a) factors, Pequero's motion is GRANTED.

      **I.**    **Background and Procedural History**

      On January 13, 2009, Pequero pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute heroin.  (Doc. 56, Plea Transcript.)  On October 8, 2009, Judge Harold Baer, Jr. sentenced Pequero to 144 months' imprisonment, a five-year term of supervised release, and a $100 assessment.  (Doc. 97, Sentencing Transcript 26:16-22; Doc. 94, Judgment and Commitment Order).  Judge Baer also recommended Pequero (1) participate in an alcohol treatment program during his incarceration (2) upon release, be subject to certain conditions, including testing to determine whether he was using drugs or alcohol and participation in an alcohol aftercare treatment program.  (Doc. 94.)  Subsequently, Pequero moved twice for a

sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Docs. 143, 172–73.) I denied both requests. (Doc. 174.) Pequero then appealed, (Doc. 178), and his appeal was dismissed, (Doc. 183).

Pequero was released from prison on March 8, 2018, and has now served more than three years of his five-year term of supervised release. (Pequero Req. 3.)[1] His supervised release term is set to expire on March 7, 2023. (Govt. Resp. 1)[2] On December 21, 2020, Pequero filed a motion for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e) and Federal Rule of Criminal Procedure 32.1(c). (Pequero Req. 1.) On January 21, 2021, the Government filed a letter response indicating that the Government conferred with the Probation Department, Eastern District of New York ("EDNY Probation"), which indicated that it did not object to early termination of Pequero's supervised release term, and in fact informed the Government that Pequero meets all of EDNY Probation's criteria for early termination. (Govt. Resp. 1.) The Government states that it defers to EDNY Probation's assessment in this case, and does not object to Pequero's motion for early termination. (*Id.*) On March 15, 2021, I received an email from EDNY Probation indicating that it does not object to the early termination motion, and that Pequero satisfies the EDNY Probation policy pertaining to early termination of supervision. (Prob. Email.)[3] Additionally, EDNY Probation indicates that Pequero has been compliant with all conditions of supervision. (*Id.*) Pequero has no new arrests, has maintained a stable residence, has maintained stable employment, and has been drug free throughout

---

[1] "Pequero Req." refers to the motion for early termination of supervised release filed by Pequero on December 21, 2020. (Doc. 197.)

[2] "Govt. Resp." refers to the letter response filed by the Government on January 21, 2021. (Doc. 199.)

[3] "Prob. Email" refers to the email I received from Vincent Danielo, a probation officer in EDNY, on March 15, 2021.

2

supervision.  (*Id.*)  He completed a drug treatment assessment which concluded that he did not require treatment.  (*Id.*)

## II. Legal Standards

Pursuant to Title 18 Section 3583(e),

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).  Federal Rule of Criminal Procedure 32.1(c) provides that a court need not hold a hearing when modifying a term of supervised release if "the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and . . . an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so."  Fed. R. Crim. P. 32.1(c)(2)(B)–(C).

## III. Discussion

"The § 3553(a) factors require me 'to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.'"  *United States v. Erskine*, No. 05 Cr. 1234 (DC), 2021 WL 861270, at *1 (S.D.N.Y. Mar. 8, 2021) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)).  I remain mindful "that supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation."  *Id.* (internal quotation marks omitted).  Ultimately, the decision whether to grant early termination rests in my discretion.  *Id.* at *2.

Pequero has served more than three years of his five-year term of supervised release. He is now 62 years old. (*See* Pequero PSI.)[4] While incarcerated, Pequero completed the 500-hour Residential Drug Abuse Program and the six-month aftercare program in halfway house custody. (Pequero Req. 9.) He has a stable job at A&L Recycling, where he has worked for several years, has remained drug free throughout his entire term of supervised release, and has three supportive adult children, as well as a teenage son living in the Dominican Republic. (*Id.* at 9, 17–18; *see also* Prob. Email.) Pequero's mother—who is 82 years old and travels frequently between the Dominican Republic and the United States—has been living with Pequero during the pandemic. Pequero and his mother "would both very much like to return to [their] small town in the [Dominican Republic] after the restrictions on travel due to COVID-19 are lifted." (Pequero Req. 17.) Pequero suggests that his ability to travel to the Dominican Republic would be facilitated by the early termination of his supervised release.

Throughout his more than three years of supervised release, Pequero has been compliant with all of his conditions of supervision. (Prob. Email.) Pequero has demonstrated "exceptionally good behavior," *Lussier*, 104 F.3d at 36, and has taken steps to reintegrate himself into the community by maintaining a stable job, stable housing, and sober lifestyle, *see Erskine*, 2021 WL 861270, at *2 (granting early termination request where defendant was "fully compliant with the terms of his supervision" and "ha[d] taken considerable strides in reintegrating into his community through employment and service to his family."). Perhaps even more probative, EDNY Probation indicates that Pequero meets its criteria for early termination, and the Government agrees with this assessment. (Prob. Email; Govt. Resp. 1); *see United States v. Callahan*, No. 08 CR. 349 (JGK), 2018 WL 2947968, at *1 (S.D.N.Y. June 1, 2018)

---

[4] "Pequero PSI" refers to Probation's Pre-Sentence Investigation Report of Pequero, dated October 21, 2009.

(granting early termination request where 66-year-old defendant "ha[d] made substantial strides toward rehabilitation," including finding "stable housing and . . . achiev[ing] a substantial period of sobriety," probation did not believe further supervision was necessary, and the Government did not object). After considering Pequero's conduct during his term of supervised release, as well as the § 3553(a) factors, I find that supervision is no longer necessary for Pequero.

### IV. Conclusion

Pequero's motion for early termination of his term of supervised release is GRANTED. The Clerk of Court is respectfully directed to terminate the open motion at Docket Entry Number 197, and to mail this Order to Pequero at 87-15 Britton Ave., #43, Elmhurst, NY 11373.

SO ORDERED.

Dated: March 26, 2021
      New York, New York

                                              Vernon S. Broderick
                                              United States District Judge